

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEWAINE STEWART,

Plaintiff,

v.

KING COUNTY CORRECTIONAL FACILITY,

Defendant.

CASE NO. 2:22-cv-86-RJB-DWC

REPORT AND RECOMMENDATION

Noting Date: August 5, 2022

The District Court has referred this action filed under 42 U.S.C. § 1983 to United States Magistrate Judge David W. Christel. Plaintiff Dewaine Stewart, proceeding *pro se*, initiated this civil rights action on January 27, 2022. *See* Dkt. 1. Plaintiff has not responded to the Court's orders directing him to file an amended complaint. Therefore, the Court recommends this case be dismissed without prejudice.

Plaintiff, a pretrial detainee housed at the King County Correctional Facility, alleges he received inadequate medical care. Plaintiff's proposed complaint alleges claims against the King County Correctional Facility, asserting his rights were violated by the delay of an initial medical

consultation, the appearance of an incorrect pill in a bottle of medication, and the alleged failure to follow unspecified "CDC regulations" regarding COVID-19. Dkt. 3.

The Court screened plaintiff's proposed complaint as required by the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a). The Court found the proposed complaint was deficient because (1) it failed to name a proper defendant who had personally participated in the alleged violations, and (2) it failed to state a claim upon which relief could be granted because it did not allege facts establishing any defendant acted with objective deliberate indifference to plaintiff's serious medical need. Dkt. 4 ("April 13 Order"). The Court granted plaintiff leave to file an amended complaint on or before May 13, 2022 to cure the deficiencies in plaintiff's proposed complaint. *Id*. The Court warned plaintiff it would recommend dismissal of this action if plaintiff did not correct the identified deficiencies or adequately respond to the issues identified in the April 13 Order. *Id*.

On April 29, 2022, plaintiff filed a motion for an extension of time to file his amended complaint. Dkt. 5. The Court granted plaintiff a 45-day extension and ordered plaintiff to file his amended complaint on or before July 8, 2022. Dkt. 6.

Plaintiff has failed to comply with the Court's orders. He has not filed a response to the April 13 Order or filed an amended complaint within the time provided by the Court. Further, as discussed in the April 13 Order, the proposed complaint fails to state a claim upon which relief can be granted. *See* Dkt. 4. Therefore, the Court recommends this case be dismissed without prejudice for failure to follow a Court order and for failure to state a claim upon which relief can be granted.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on August 5, 2022, as noted in the caption.

Dated this 19th day of July, 2022.

David W. Christel
United States Magistrate Judge